UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
MAR 29 2006

| | | |
|---|---|---|
| RONDA BALDYS, | ) | CIV. 05-5019 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Ronda Baldys (the Claimant) seeks review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for supplemental security income (Title XVI) and Medicaid (Title XIX) benefits [doc. #17]. The Claimant requests the Court reverse the Commissioner's decision or, alternatively, remand this matter to the Commissioner. For the reasons that follow, the decision of the Commissioner is affirmed.

## I. FACTS AND PROCEDURAL HISTORY

The Claimant was born on February 20, 1973. Administrative Record ("AR") 41. She has a twelfth-grade education. AR 41. The Claimant has worked as a waitress, nurse's aide, a maid, a dishwasher, a secretary/receptionist, and as an aide in a preschool. AR 96, 99, 107.

The Claimant protectively filed for SSI under Title XVI of the Social Security Act (the Act) on October 8, 1997, alleging disability since October 1, 1994, based on an inability to work due to chronic abdominal pain and residual effects of surgeries she has had for that pain, chronic muscle pain, and fibromyalgia. AR 82-85, 94. While this claim was pending, the Claimant filed another application for SSI with a protective filing date of December 4, 2000. This application

added depression, a learning disability, side effects of medication, and hypertension as conditions limiting her ability to work. AR 647. The Claimant has a history of undergoing an exploratory laparotomy and lysis of adhesions in December 1996. The Claimant also has reported she had approximately thirteen surgeries to lysis recurring abdominal adhesions. AR 217, 302. The Claimant has seen numerous doctors for several health problems. The reports of these doctors and the details regarding the Claimant's visits with them are contained in the Administrative Record. Due to the extensive nature of the list of doctor and hospital visits, rather than list all of them here, the Court will address the relevant medical reports and diagnoses as necessary in the Discussion section, below.

As noted above, the Claimant filed her application for SSI on October 8, 1997. Both the State agency and the Social Security Administration (SSA) denied the Claimant's application initially and on reconsideration. The Claimant requested and was granted a de novo hearing before an Administrative Law Judge (ALJ). The hearing was held on July 15, 1999, at which the Claimant, her mother, her counsel, and a vocational expert (VE) appeared. The ALJ issued an unfavorable decision on December 16, 1999, concluding the Plaintiff was not disabled within the meaning of the Act as of the date of the Commissioner's final decision. As noted above, the Claimant filed another application for SSI with a protective filing date of December 4, 2000, alleging an inability to work since February 28, 2000, which the State agency and the SSA denied initially and on reconsideration. On June 25, 2001, the Appeals Council denied the Claimant's request for review of the ALJ's decision on the October 1997 application, making that denial the final decision of the Commissioner.

On July 23, 2001, the Claimant sought judicial review of the Commissioner's decision regarding her 1997 application. On June 19, 2002, the Court remanded the case to the SSA, ordering the Commissioner to reexamine all the Claimant's treating physicians' and specialists' opinions consistent with Eighth Circuit case law and pertinent regulations. The Court also ordered the Commissioner to reevaluate the Claimant's residual functional capacity (RFC) after giving due consideration to the Claimant's treating sources. Finally, the Court ordered the Commissioner to proceed to step five of the five-step sequential analysis.[1]

A supplemental hearing was held on January 8, 2003, and a second supplemental hearing was held on January 13, 2004, both of which were attended by the Claimant, her attorney, and her VE. The second ALJ,[2] on remand, issued a decision on February 25, 2004, consolidating her October 1997 and her December 2000 applications. After reviewing the voluminous medical records and all the evidence presented and assessing the Claimant's RFC, the ALJ found the Claimant was not disabled within the meaning of the Act. Specifically, the ALJ found 1) the Claimant had not engaged in substantial gainful activity since the alleged onset of disability; 2) the Claimant had impairments considered "severe" under the regulations; 3) her impairments

---

[1] The five steps consist of determination, which can be summarized as follows: 1) whether the claimant conducts work for substantial gain, 2) whether the claimant has a severe impairment, defined as one that significantly limits the ability to perform basic work-related functions, 3) whether the impairment equals or exceeds impairments listed in the applicable regulations, 4) whether the claimant can perform his past relevant work, and, if not, 5) whether there exist other jobs in substantial numbers available for a person of the claimant's limitations. 20 C.F.R. § 404.1520(a)(4).

[2] Because the issue before the Court deals only with the decision of the second ALJ, all references hereafter to an "ALJ," unless specifically noted otherwise, refer to the second ALJ and his opinion regarding the Claimant's claim. When the Court must refer to the original ALJ to hear this case, it will refer to her as the "first ALJ."

did not meet or equal those listed in the regulations; 4) the Claimant's allegations regarding her limitations were not totally credible; 5) the Claimant retained an RFC for a light exertional level; 6) her past relevant work as a waitress, dietary aide, and housekeeper did not require work activities precluded by her RFC; 7) her medically determinable impairments do not prevent her from performing her past relevant work or other jobs existing in significant numbers in the national economy; and 8) the Claimant was not under a disability, as defined by the Act. The Appeals Council denied the Claimant's request for review, making the ALJ's ruling the final decision of the Commissioner. The Claimant then filed the instant action, again seeking judicial review of the Commissioner's decision.

## II. STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). To determine whether existing evidence is substantial, the Court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). However, a reviewing court may not reverse the decision of the Commissioner simply because substantial evidence exists in the record to support a contrary outcome. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). If the ALJ's decision is supported by substantial evidence, this Court may not reverse the decision of the ALJ even if the Court would have decided the case differently. See Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir.1993). "If, after review, [the Court] find[s] it possible to

draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the denial of benefits." Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001) (quoting Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996)).

### III. DISCUSSION

#### A. Development of Administrative Record

The Claimant argues the ALJ erred by failing to develop the evidence adequately regarding (1) mental impairments, (2) surgical procedures, (3) limitations on the number of hours she could work, (4) treating source opinions about those limitations, and (5) mental impairments related to alleged recurrent disabling pain. "It is well established that '[i]t is the [ALJ's] duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel.'" Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985) (quoting Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983)). To satisfy this duty, the regulations allow the Commissioner to order consultative examinations if medical sources cannot give sufficient evidence of an impairment to determine whether a claimant is disabled. Id. (citing 20 C.F.R. § 416.917). Consultative examinations are not required for every alleged impairment. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989). However, failure by an ALJ to order such an exam, when the exam is necessary to make an informed decision, is reversible error. Dozier, 754 F.2d at 276.

As with all the Claimant's allegations, the Court has difficulty ascertaining the precise nature of the argument regarding the ALJ's alleged failure to develop the record. Although the duty to fully develop the record "may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped." Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). The Claimant was represented by counsel during the proceedings

5

before the ALJ. "[T]he ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994). The Claimant does not specify in what ways further development of the record would have assisted the ALJ in making an informed decision regarding the alleged impairments. The Claimant does not show she ever argued that relevant medical records were missing from the record before the ALJ. As discussed below with regard to other issues the Claimant raises, the Court concludes the ALJ satisfactorily discharged his duty to develop a reasonably complete record in this case. See Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993) (holding remand not warranted where claimant was treated fairly and failed to show that he was prejudiced).

**B.     Identification of All the Claimant's Severe Impairments**

The Claimant next argues that, at step two of the sequential analysis, the ALJ failed to identify all severe impairments. Specifically, the Claimant contends the ALJ failed to identify fibromyalgia, chronic abdominal pain, and electrolyte imbalance as severe, although the first ALJ had listed them as such. Unfortunately for the Court, the parties' briefs on this issue have something of the character of two ships passing in the night: The Claimant argues the ALJ did not have authority to conclude these three conditions were not severe impairments, due to the first ALJ's conclusion. The Commissioner, in turn, points to the medical evidence in the record that supports a finding that these three conditions are not severe impairments. The Commissioner does not rebut the Claimant's argument that the finding that the Claimant had these three allegedly severe impairments was the "law of the case" as to her claim for benefits. Regardless, however, several reasons exist to reject the Claimant's argument, as discussed below.

6

1.  **Law of the Case**

"The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings . . . .' The 'law of the case' doctrine also applies to administrative agencies on remand." Brachtel v. Apfel, 132 F.3d 417, 419 (8th Cir. 1997) (citations omitted). In Brachtel, the Eighth Circuit held that because the district court, in the claimant's first appeal, did not actually decide (i.e., make a finding of fact) that the claimant needed to lie down, this finding was not the law of the case. Id. The court interpreted the district court's mandate as follows:

> First, the District Court did not specifically instruct the ALJ to proceed on remand based upon a finding of fact that Brachtel needed to lie down. The court simply instructed the ALJ to create a full and proper record . . . . Finally, the District Court affirmed the ALJ's denial of benefits the second time around. In doing so, the District Court necessarily rejected the argument that the ALJ was compelled by its previous order to find that Brachtel needed to lie down throughout the day. The District Court knew its original intent in remanding the case, and we will defer to the District Court's construction of its own order.

Id.

In Steahr v. Apfel, 151 F.3d 1124, 1125-26 (8th Cir. 1998), the claimant argued the first ALJ's determination, that the claimant could not perform her past relevant work, was binding on a second ALJ after the district court had remanded the case. Thus, the claimant argued, the second ALJ violated the doctrine of law of the case when she found the claimant capable of performing her past relevant work. The Eighth Circuit affirmed the district court's rejection of this argument. Id. at 1126. The Eighth Circuit cited the court's conclusion that, because it had reversed and remanded the first ALJ's ruling, there was "no law of the case to be considered from the first ALJ's decision." Id. (citation omitted). The court concluded that "'[t]he District

Court knew its original intent in [reversing and] remanding the case,' and we defer to the district court's determination that its mandate was not violated." Id. (quoting Brachtel, 132 F.3d at 420).

In this case, the remand order directed the Commissioner to reexamine *all* of the Claimant's treating physicians' and specialists' opinions, consistent with Eighth Circuit law and pertinent regulations. The Court's remand order, ordering reexamination of all these opinions, left "no law of the case to be considered," see id., as to the first ALJ's findings on issues regarding the Claimant's disability. The law of the case doctrine was inapplicable. The Court concludes the ALJ, on remand, did just as he was directed by reexamining the opinions and concluding the evidence did not support a finding that the conditions listed above were severe.

## 2. Fully Favorable Determination

The Claimant points to 20 C.F.R. § 404.946 as support for the argument that the ALJ, on remand, was not allowed to reconsider a prior favorable determination without notice. That regulation provides as follows:

> The issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor. However, if evidence presented before or during the hearing causes the administrative law judge to question a fully favorable determination, he or she will notify you and will consider it an issue at the hearing.

Based on this regulation, the Claimant contends she was entitled to notice before the second ALJ was permitted to change the findings made by the first ALJ. The Claimant's citation of the regulation is accurate, but in this instance, this argument still fails to carry the day for the Claimant. First, the regulation expressly states the issues before the ALJ are all those issues not decided entirely in a claimant's favor. The issue in this case is whether the Claimant was disabled under the Act, not simply whether the Claimant had one or all of the three allegedly

8

severe impairments. Thus, the issue was not decided entirely in the Claimant's favor by the first ALJ, who also concluded the Claimant was not disabled. Second, the regulation does not state that all findings by an ALJ are subject to a notice requirement before they can be changed. Instead, the regulation focuses on a "fully favorable determination" which, when questioned, requires notice to a claimant. The Claimant did not receive a fully favorable determination, so changes to a finding by the first ALJ did not require notice to the Claimant.

The Court's conclusion in this regard is supported by the opinion in Smith v. Barnhart, 222 F. Supp. 2d 78, 81-82 (D. Me. 2002). In that case, the SSA ruled in favor of the claimant at step four of the sequential analysis before denying benefits at step five of the analysis. Upon reconsideration at the claimant's request, the SSA ruled against the claimant at step four. Id. at 81. The claimant argued the SSA was not permitted to reconsider the step four decision on reconsideration. The district court, citing 20 C.F.R. § 416.1446(a) (which is identical to 20 C.F.R. § 404.946), ruled the SSA never made a decision entirely in the claimant's favor at either the initial stage or on reconsideration. Although "the determination at the initial level that the plaintiff was not disabled at Step 5 could not have been reached without a determination at Step 4 that the plaintiff could not return to her past relevant work, [] that Step 4 conclusion is not 'entirely in favor' of the plaintiff unless and until a determination is made at Step 5 that there is also no other work available in the national economy which the plaintiff is capable of performing." Id. at 81-82. Furthermore, citing Eighth Circuit caselaw, the court noted, "even if the initial finding at Step 4 that was included in the determination at Step 5 is appropriately characterized as a determination, and as one that was entirely favorable to the plaintiff, the

9

administrative law judge committed no error by reconsidering it given the evidence available at [the] hearing." Id. at 82 (citing Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987)).

### 3.     Evidentiary Support

Finally, the Court finds substantial evidence in the record as a whole supports the ALJ's ultimate decision denying benefits. Were the Court to remand this matter and direct the ALJ to consider the three conditions as "severe," the Court concludes the ALJ would still find the Claimant is not disabled within the meaning of the Act. As persuasively argued in the Commissioner's brief, ample evidence shows the three conditions at issue here were not severe. District courts often remand cases due to failures by an ALJ to consider all the evidence in a Social Security case; in this case, the ALJ fully performed his duty to consider the entire record. The Court does not believe a remand is appropriate in this instance. In sum, the Court concludes the ALJ did not err in making new findings regarding these three conditions. Further, even if an error occurred, substantial evidence supports the finding of no disability.

### C.     Weight Assigned to Medical Opinions

The Claimant next argues the ALJ impermissibly substituted his own "medical opinion" for that of her treating physicians regarding abdominal pain and the date of onset. The opinion of a treating physician is entitled to controlling weight provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); see Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998). However, a treating physician's opinion does not automatically control, as the record must be evaluated as a whole. See Cruze v. Chater, 85 F.3d 1320, 1324-1325 (8th Cir. 1996) (citations omitted). The Claimant correctly quotes the regulations related to

10

the weight to be given to treating physicians' opinions. The Claimant contends Drs. Ted Ning and David Holman offered opinions that the Claimant had interstitial cystitis. The ALJ noted that Dr. Holman's opinion, that the Claimant had suffered from interstitial cystitis for five years, was not supported by his medical records, and that this opinion appeared to contrast sharply with the other evidence of record.

As the Court observed in its prior order of remand, the first ALJ addressed the opinion of only one of the Claimant's treating physicians, Dr. George Philbin, even though several others had treated the Claimant, including Dr. de la Torre, Woodridge Family Physicians, Dr. Winter, Dr. Thompson, and Dr. Chae. This time around, however, in addition to the opinion of Dr. Philbin, the ALJ "specifically considered the medical records and opinions of Doctors de la Torre, Thompson, Winter, Chae, and the Woodridge Family Physicians, and specifically note[d] that such records are generally unremarkable, offering no restrictions placed on the claimant in support of her claims for disability, and further generally suggest[ed] merely regurgitated subjective complaints by the claimant." AR 596. Dr. de la Torre treated the Claimant conservatively. However, records from Dr. de la Torre revealed back tenderness, clear lungs, clear speech, only diffuse abdominal tenderness, and that the Claimant was able to work through her abdominal pain. As the ALJ noted, Dr. de la Torre provided no "opinion regarding the effect of the Claimant's alleged impairments in regards to her claim for disability." AR 588. Dr. Winter's treatment of the Claimant showed unremarkable abdominal testing and revealed the Claimant stated she was "doing great." AR 589. Records of the Claimant's treatment at the Woodridge Family Physicians shows the Claimant provided a subjective medical history, but she did not seek to obtain relief from her allegedly disabling symptoms. Further, records from

11

Woodridge revealed clear lungs and a soft, only diffusely tender abdomen with normal bowel sounds. An abdominal AP film in 1998 showed an unremarkable abdomen and that the Claimant did not show any evidence of obstruction. AR 589. Dr. Chae opined chronic pancreatitis could produce the pain the Claimant complained of, but he was not sure why she suffered from her continued pain. Dr. Chae opined further that testing showed no evidence to suggest pancreatic pathology or bowel obstruction. The ALJ noted Dr. Chae's report provided no objective support for the Claimant's allegedly disabling condition. AR 589. Dr. Gregory Stiller, an examining but non-treating physician, found the objective medical evidence showed the Claimant subjectively reported abdominal pain, but his findings showed she was in no apparent distress, and showed "diffuse tenderness to light palpation, no palpable masses, with deep palpation not completed secondary to claimant's diffuse tenderness." AR 590. The ALJ explained the reasons for discounting Dr. Holman's medical opinion which, the ALJ opined, was not consistent with the opinions of other treating physicians. The ALJ also noted how heavily Dr. Holman's opinion relied on the Claimant's subjective complaints. AR 596. An ALJ properly may disregard portions of a treating physician's report that is based on a claimant's subjective complaints. Craig, 212 F.3d at 436. In sum, the Court concludes that, considering all the evidence in the record, substantial evidence in the record supports the Commissioner's decision on this issue.

**D.     Residual Functional Capacity**

The Claimant contends the ALJ's determination of the Claimant's RFC was not based on substantial evidence. Unfortunately, the Claimant does not specify in what way the ALJ erred in making his RFC determination. The Claimant makes passing reference to testimony from the VE in which the VE stated that a person capable only of working less than eight hours per day is

12

considered disabled. The Claimant cites caselaw in which the Eighth Circuit noted that a VE had opined that absenteeism of one to three days per month renders a person unemployable. Finally, the Claimant cites an Eighth Circuit opinion in which the court stated a VE should consider a claimant's excessive absenteeism of twenty-six to thirty days per year. However, the Claimant fails to make any connection between the evidence in the record of this case, on the one hand, and the VE's statements and the caselaw she cites, on the other. As noted above, on remand, the ALJ reviewed the evidence provided by the various treating and other examining sources (AR 593), contrary to the Claimant's assertion that the ALJ only cited Dr. Campodonico, an independent medical expert. Furthermore, to the extent the ALJ relied on Dr. Campodonico's opinion, the ALJ noted the great weight it could afford his opinion due to its extensiveness. See 20 C.F.R. § 416.927(d)(3). The ALJ determined the Claimant's RFC based on all the evidence in the record. The ALJ noted the Claimant, at one point or another in the record, had described daily activities that were not limited to the extent one would expect for a person with the Claimant's alleged disabilities. AR 597. Furthermore, although the Claimant lists the number of "hospital visits" she had in the years 1994 to 2003, because the ALJ correctly determined she is not disabled under the Act based on the reports from her treating physicians and the record as a whole, and because the evidence does not show these visits were due to a disability that would have prevented her from working, the mere number of hospital visits does demonstrate an error by the ALJ in finding her RFC. Simply put, nothing in the record indicates the ALJ erred in assessing the Claimant's RFC, and substantial evidence supports his determination in this regard.

13

E.  **Past Relevant Work**

The Claimant makes two arguments regarding her past relevant work. Although the two arguments are related and overlap, because the Claimant separated the two, the Court address them separately, as well.

1.  **Receptionist Position**

The Claimant argues the ALJ's finding that she could perform her past relevant work as a waitress, dietary aide, and housekeeper was based on an incorrect legal standard. In keeping with the rest of her brief, the Claimant's argument on this issue is poorly defined. The paragraph heading on this issue appears to argue that an incorrect legal standard was applied to reach the conclusion that she could perform work as a waitress, dietary aide, and housekeeper. However, the one-paragraph argument appears to contend only that the Court's previous finding, that the Claimant could not perform her past relevant work as a receptionist, was the "law of the case," precluding the ALJ from finding that the Claimant could perform any substantial gainful activity. The Court concludes the Claimant's argument is unavailing for two reasons. First, the ALJ proceeded to step five of the sequential analysis, as the Court previously ordered. Thus, even assuming the ALJ erred by considering the Claimant's receptionist position as past relevant work, the ALJ followed the Court's order by proceeding to step five. At that step, the ALJ ruled that, even assuming the Claimant had proven she had not performed past relevant work, the evidence shows that she is capable of performing other work existing in the national economy. AR 599. Second, even assuming the ALJ erred in finding the Claimant could perform past relevant work as a receptionist, substantial evidence supported the ALJ's finding that the

Claimant could return to her past work as a waitress or motel maid, and that she could perform jobs existing in significant numbers in the national and regional economy.

2.  **Other Positions**

In her other argument regarding past relevant work, the Claimant contends the ALJ's finding that she could perform other jobs was supported by substantial evidence. The Court presumes the Claimant intended to argue just the opposite–that substantial evidence did *not* support this finding, and the Court will address the argument accordingly. The ALJ opined that "*even if an individual has no work experience*, the [ALJ] may still consider an individual is able to do unskilled work because it requires little or no judgment and can be learned in a short period of time." AR 598. The ALJ noted that the Claimant had reported past work experience as a motel maid, nurse aide, dietary aide, and waitress. The ALJ cited the impartial VE, who testified that, based upon the Claimant's RFC, she "could return to her past work as a waitress, secretary/receptionist, and motel maid as previously performed and as generally performed in the national economy." AR 599. Also, the VE identified other work available that the Claimant could perform, including several sedentary jobs. The ALJ concluded the Claimant had not met her burden to prove she could not perform her past relevant work. AR 599; see Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994). As stated above, however, the ALJ noted, even assuming the Claimant had shown an inability to perform past relevant work, or that she had no past relevant work, the burden shifts to the Commissioner to show there are jobs existing in significant numbers in the national economy that the Claimant can perform, consistent with her age, education, work experience, and residual functional capacity. AR 599. Even assuming the Claimant had shown she had performed no past relevant work, the ALJ ruled, the evidence

15

shows that she is capable of performing other work existing in the national economy. AR 599. The ALJ's opinion, citing the impartial VE, shows substantial evidence in the record as a whole supports the ALJ's conclusion that the Claimant could work as a waitress, dietary aide, housekeeper, or other jobs that exist in significant numbers in the national and regional economy.

F.     **Constructive Reopening**

Finally, the Claimant contends the ALJs constructively reopened her 1996 claim. The Claimant provides no authority or explanation for this argument. "Mere consideration of evidence from an earlier application is not considered a reopening of the earlier claim." King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996). The Claimant presents nothing to show the ALJs did anything more than consider evidence from the 1996 application. This argument is meritless.

## IV. CONCLUSION

The ALJ satisfactorily developed a reasonably complete record in this case. Based on that record, substantial evidence supports the ALJ's conclusion regarding the severe impairments from which the Claimant suffers. The ALJ did not impermissibly substitute his own "medical opinion" for that of the Claimant's treating physicians; instead, the record as a whole supports the conclusions the ALJ reached regarding the Claimant's medical conditions. Substantial evidence also supports the ALJ's assessment of the Claimant's RFC. The ALJ's conclusions, that jobs existed in the national economy that the Claimant could perform, and that the Claimant could return to her past relevant work, were also supported by substantial evidence. Finally, the ALJs did not reopen the Claimant's 1996 application for benefits. Accordingly, it is hereby

ORDERED that the Claimant's motion to reverse the Commissioner [doc. #17] is DENIED. The ALJ's decision is affirmed.

Dated this 29th day of March, 2006.

                                      BY THE COURT:

                                      ANDREW W. BOGUE
                                      SENIOR DISTRICT JUDGE